UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

APEX MARITIME CO., INC. d/b/a Apex
Shipping Co. and APEX SHIPPING CO.
(NYC), INC.,

                Plaintiffs,

       - against -

OHM ENTERPRISES, INC. d/b/a
STARCO, STARCO INTERNATIONAL,
STARCO FURNITURE, STARCO, VIMAL
KUMAR AMIN, AND RAJEEV BEDI,

                Defendants.

------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

**OPINION AND ORDER**

**10 Civ. 8119 (SAS)**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/11

**I.   INTRODUCTION**

        APEX MARITIME CO. INC. d/b/a Apex Shipping Co. and APEX SHIPPING CO. (NYC), INC. (collectively, "Apex") bring this action to recover monies allegedly owed by defendants OHM ENTERPRISES, INC. d/b/a STARCO, STARCO INTERNATIONAL, STARCO FURNITURE, STARCO, Vimal Kumar Amin and Rajeev Bedi (collectively, "defendants") pursuant to an agreement under which defendants agreed to pay shipping charges relating to certain shipments of goods from ports in China and Vietnam to the United States.

1

Apex brings an action for intentional misrepresentation/fraudulent inducement and a claim to pierce the corporate veil against Vimal Kumar Amin and Rajeev Bedi in their individual capacities. Amin and Bedi now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] For the reasons discussed below, Amin's and Bedi's motion is granted.

## II.   BACKGROUND

During the course of 2010, Apex shipped various goods for defendants from ports in China and Vietnam to the United States.[2] Pursuant to their agreement, Apex allegedly advanced the shipping costs on behalf of the defendants.[3] After receiving checks issued by Amin and Bedi for the amounts allegedly owed, Apex released the goods into defendants' custody.[4] Defendants then issued a "Stop Payment" on the checks, which were returned to Apex unpaid.[5]

---

[1]   Amin and Bedi also mention Rule 21 as a ground for dismissal. However, they have cited no authority for why such action would be appropriate. *See* Memorandum of Law of Defendants Vimal Kumar Amin, and Rajeev Bedi, in Support of Motion to Dismiss ("Def. Mem.").

[2]   *See* Complaint ("Compl.") ¶ 12.

[3]   *See id.* ¶¶ 13-14.

[4]   *See id.* ¶ 29.

[5]   *See id.*

Apex alleges that it is owed the shipping costs that it advanced on behalf of defendants as well as the costs of its shipping services.[6]

## III. APPLICABLE LAW

### A. Judgment on the Pleadings; Motion to Dismiss

Under Rule 12(c) of the Federal Rules of Civil Procedure, after the pleadings close but before the trial begins, a party may move for judgment on the pleadings provided that the motion is made early enough so as not to delay the trial.[7] A party is entitled to judgment on the pleadings only if it is clear that no material issues of fact remain to be resolved and that it is entitled to judgment as a matter of law.[8]

"'The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.'"[9] In either instance, the court must accept as true the non-movant's allegations, along with the allegations in the movant's pleading that the non-

---

[6] *See id.* ¶¶ 13-14.

[7] *See* Fed. R. Civ. P. 12(c).

[8] *See Burns Int'l Sec. Servs. v. International Union, United Plant Guard Workers of Am.*, 47 F.3d 14, 16 (2d Cir. 1994); *Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999).

[9] *Wachovia Corp. v. Citigroup, Inc.*, 634 F. Supp. 2d 445, 450 (S.D.N.Y. 2009) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 520 (2d Cir. 2006)).

movant has admitted, and must draw all reasonable inferences in the non-movant's favor.[10] The court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[11]

The allegations in a complaint must meet a standard of "plausibility."[12] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that [plaintiff is entitled to relief]."[13] Plausibility "is not akin to a probability requirement;" rather plausibility requires "more than a sheer possibility . . . ."[14] Pleading a fact that is "merely consistent with a defendant's liability" does not satisfy the plausibility standard.[15]

The court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint

---

[10] *See id.*

[11] *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. —, —, 129 S.Ct. 1937, 1949 (2009) (quotation marks omitted).

[14] *Id.* (quotation marks omitted).

[15] *Id.* (quotation marks omitted).

by reference."[16] A document is considered incorporated by reference if it is "in a pleading . . . adopted by reference elsewhere in the same pleading or in any other pleading . . . ."[17] A court may also consider a document not specifically incorporated by reference but on which the complaint heavily relies and which is integral to the complaint.[18]

### B. Intentional Misrepresentation/Fraudulent Inducement under Rule 9(b)

To state a claim for fraud in New York, plaintiff must allege "that the defendant knowingly made a false statement of material fact with the intent to induce the plaintiff's reliance, and also that the plaintiff did in fact rely on that false statement to its detriment."[19] Allegations of fraud are subject to the heightened pleading standards of Rule 9(b), which state that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[20] Although Rule 9(b) does not require plaintiffs to set forth their evidence in the complaint, the complaint must give particulars regarding "the

---

[16] *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

[17] Fed. R. Civ. P. 10(c).

[18] *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[19] *Lomaglio Assocs. Inc. v. LBK Marketing Corp.*, 876 F. Supp. 41, 44 (S.D.N.Y. 1995).

[20] Fed. R. Civ. P. 9(b).

fraudulent content of the speech, the time and place at which the statements were made, and the identity of individuals making the fraudulent statements."[21] Furthermore, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud."[22]

### C. Piercing the Corporate Veil[23]

Courts in this district have described determining the proper pleading standard for piercing the corporate veil as a "knotty question."[24] Piercing the corporate veil is a "narrow exception to the doctrine of limited liability for

---

[21] *Lomaglio*, 876 F. Supp. at 44.

[22] *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

[23] Generally, under New York's choice of law rules, the law of the state of the defendants' incorporation will be applied to piercing the corporate veil claims. *See Soviet Pan Am Travel Effort v. Travel Comm., Inc.*, 756 F. Supp. 126, 131 (S.D.N.Y. 1991). However, in the absence of countervailing public policy, the parties may choose which state's law to apply. *See William Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 137 (2d Cir. 1991); *see also Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984). Here, because both parties have cited and relied exclusively on New York law, I will apply New York law to the claims for piercing the corporate veil.

[24] *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 425 (S.D.N.Y. 2003); *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 240 (S.D.N.Y. 2006); *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 222-23 (S.D.N.Y. 2002).

corporate entities, and . . . courts should permit veil-piercing only under 'extraordinary circumstances.'"[25] New York courts will pierce the corporate veil only "when the [corporate] form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation . . . that it primarily transacted the dominator's business rather than its own and can be called the other's alter ego."[26]

In New York, a party seeking to pierce the corporate veil must generally establish "that '(1) the owners[27] exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury.'"[28] "To avoid dismissal, a party . . . must come forward with factual

---

[25] *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (quoting *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996)).

[26] *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir. 1979). *Accord Passalacqua Builders*, 933 F.2d at 138 ("Liability therefore may be predicated either upon a showing of fraud or upon complete control by the dominating corporation that leads to a wrong against third parties.").

[27] A nonshareholder can be deemed an "equitable owner" for purposes of piercing the corporate veil if the individual exercises sufficient control over the corporation. *See, e.g., Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1051 (2d Cir. 1997) ("Equitable ownership has been recognized for veil-piercing purposes.").

[28] *Trust v. Kummerfeld*, 153 Fed. Appx. 761, 763 (2d Cir. 2005) (quoting *Matter of Joseph Morris v. New York State Dept. of Taxation & Fin.*, 82

allegations as to both elements of the veil-piercing claim."[29]

To the extent that a plaintiff's veil-piercing claim rests on allegations of fraud, the claim must adhere to the heightened pleading standard of Rule 9(b).[30] However, because a veil-piercing claim can be established without proving fraud if the claimant can identify some non-fraudulent "wrong," "the heightened pleading standard does not apply to every veil-piercing allegation."[31] Instead, "[w]here the veil-piercing claims are not based on allegations of fraud, the liberal 'notice pleading' standard of Rule 8(a) applies."[32] "[T]he liberal standards of Rule 8(a) apply to those allegations premised on harm other than fraud and those components of fraud-based allegations that do not relate to fraud, such as dominance and control."[33]

---

N.Y.2d 135, 141 (1993)).

[29] *EED Holdings*, 228 F.R.D. at 512.

[30] *See In re Currency Conversion*, 265 F. Supp. 2d at 425.

[31] *Id.*

[32] *Id.*

[33] *Sofi Classic*, 444 F. Supp. 2d at 241. *Accord EED Holdings*, 228 F.R.D. at 512 ("In this district, veil-piercing claims are generally subject to the pleading requirement imposed by Rule 8(a) . . . . However, where a veil-piercing claim is based on allegations of fraud, the heightened pleading standard of Rule 9(b) is the lens through which those allegation[s] must be examined.") (quoting *In re Currency Conversion*, 265 F. Supp. 2d at 425) (quotation marks omitted).

"Nevertheless, '[p]urely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard.'"[34] A complaint that consists of purely conclusory allegations unsupported by factual assertions will not survive a motion for judgment on the pleadings.[35]

### D.   Amendments to Pleadings

"Rule 15(a) provides that, other than amendments as a matter of course, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[36] "[W]hether to permit a plaintiff to amend its pleadings is a matter committed to the Court's sound discretion."[37] However, the Supreme Court has

---

[34] *Aspace Commc'ns, Ltd. v. Burke*, 522 F. Supp. 2d 509, 521 (W.D.N.Y. 2007) (quoting *In re Currency Conversion*, 265 F. Supp. 2d at 426) (alteration in original).

[35] *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).") (quoting *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)).

[36] *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks and citation omitted).

[37] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation marks and citation omitted).

explained that

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."[38]

Accordingly, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'"[39]

## IV. DISCUSSION

### A. Intentional Misrepresentation/Fraudulent Inducement Claim

Amin and Bedi seek dismissal of Apex's claim for intentional misrepresentation/fraudulent inducement partly on the ground that "it was plaintiff who has indulged in fraudulent inducement and presented the checks without

---

[38] *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

[39] *Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). *Accord Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

consent of defendants."[40] A court must accept the non-movant's allegations as true; therefore, Amin's and Bedi's argument that any fraud committed was actually committed by plaintiff is irrelevant at this stage of the proceedings.[41]

Amin and Bedi also seek dismissal on the ground that an individual cannot be held personally liable for a contract that he executed in his capacity as an officer of a corporation.[42] However, this assertion is inaccurate since "'[o]fficers and directors of a corporation may be held liable for fraud if they participate in it or have actual knowledge of it.'"[43]

Nevertheless, under Rule 9(b), a party alleging fraud against multiple defendants must "'plead with particularity by setting forth separately the acts complained of by each defendant.'"[44] Apex's Complaint lumps all defendants – both corporate and individuals – together and alleges that "Defendants issued a 'Stop Payment'" and that "Defendants intended all along to issue the foregoing

---

[40] Def. Mem. at 6.

[41] *See Wachovia*, 634 F. Supp. 2d at 450.

[42] *See* Def. Mem. at 7.

[43] *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) (quoting *People v. Apple Health & Sports Clubs, Ltd.*, 80 N.Y.2d 803, 807 (1992)) (alteration in original).

[44] *Sofi Classic*, 444 F. Supp. 2d at 248 (quoting *Ellison v. American Image Motor Co.*, 36 F. Supp. 2d 628, 641-42 (S.D.N.Y. 1999)).

'Stop Payment' orders to their bank so [Plaintiff][45] would not be paid."[46] These allegations fail to specify what role each defendant played in the alleged fraud and which defendants in particular issued the "Stop Payments." Because Apex does not separately set forth the fraudulent acts perpetrated by Amin and Bedi, the Complaint fails to state a claim for fraud against them with the particularity required by Rule 9(b).[47]

### B.   Piercing the Corporate Veil

Amin and Bedi also seek dismissal of Apex's claim to pierce the corporate veil on the ground that Apex "merely alleged that defendant Amin and Bedi personally benefited . . . without any other allegations or theory as to how defendants Amin and Bedi benefited by any alleged breach of agreement by and between the parties."[48] Amin and Bedi appear to reference Apex's allegation that

---

[45] Although Apex wrote "Defendant" it obviously meant to write "Plaintiff would not be paid." Compl. ¶ 29.

[46] *Id.*

[47] *See, e.g., Amusement Indus., Inc. v. Stern*, – F. Supp. 2d –, No. 07 Civ. 11586, 2011 WL 867274 (S.D.N.Y. Mar. 11, 2011); *Natowitz v. Mehlman*, 542 F. Supp. 674, 676 (S.D.N.Y. 1982) ("When a plaintiff sues sixteen defendants, he or she has an obligation to allege specifically the fraud perpetrated by each defendant . . . .The complaint is replete with vague accusations against 'the defendants' without reference to the specific parties or the specific acts.").

[48] Def. Mem. at 6.

"Amin and Bedi have . . . exercise[d] complete dominion and control over OHM and/or STARCO, in disregard of the corporate form, and for Amin and/or Bedi's personal benefit."[49]

Plaintiffs have failed to adequately allege a claim for piercing the corporate veil. The only allegations in the Complaint that support plaintiff's alter ego theory are that Amin and Bedi have "engaged in a course of conduct so as to exercise complete dominion and control over OHM and/or STARCO . . . so as to commit a fraud or wrong against the Plaintiffs" and that Amin and Bedi "ratified, accepted or otherwise approved OHM's and/or STARCO's breaches of contract and tortious conduct against Plaintiffs as set forth above."[50] Under the alter ego theory, claimants must plead domination and control of the corporate entity as well as a resulting fraud or wrong.[51] Although the domination and control prong of the alter ego theory need only comply with Rule 8(a)'s liberal pleading standard, conclusory statements are insufficient.[52] "The mere claim that the corporation was

---

[49]  Compl. ¶ 35.

[50]  Compl. ¶¶ 35, 36.

[51]  *See Matter of Morris*, 82 N.Y.2d at 141.

[52]  *See, e.g.*, *De Jesus*, 87 F.3d at 70 (finding that plaintiffs failed to state a claim under Rule 12(b)(6) when the complaint asserted that the fraudulent actions taken by the subsidiary's employees were "caused by, known to and ratified by"

13

dominated by the defendants . . . without more, will not suffice to support the equitable relief of piercing the corporate veil."[53] Here, the Complaint lacks any factual allegations supporting the conclusion that Amin and Bedi exercised domination and control over OHM or STARCO. "The unadorned invocation of dominion and control is simply not enough."[54] Apex's purely conclusory allegations fail even the liberal pleading standard of Rule 8(a).

## C. Leave to Replead

Leave to replead is typically granted unless amendment would be futile. Here, Apex may be able to separately set forth the fraudulent acts perpetrated by Amin and Bedi. Apex may also be able to *specifically* allege that Amin and Bedi exercised complete domination and control over the defendant corporations and that such domination was used to commit a fraud or wrong against Apex. Because amendments to Apex's claims may not be futile, Apex may

---

the parent corporation but the pleadings were devoid of any specific facts or circumstances supporting this allegation).

[53] *Damianos Realty Group, LLC v. Fracchia*, 35 A.D.3d 344, 344 (2d Dep't 2006).

[54] *In re Currency Conversion*, 265 F. Supp. 2d at 426 (finding that a complaint fails the Rule 8(a) standard when plaintiffs failed to allege any facts to support their conclusion that the bank holding companies exercised dominance and control over its subsidiaries).

file an amended complaint within thirty (30) days of the date of this Order. If Apex fails to do so, the claims against Amin and Bedi will be dismissed with prejudice.

## V.   CONCLUSION

For the reasons stated above, Amin's and Bedi's motion for judgment on the pleadings is granted pursuant to Rule 12(c). The Clerk of the Court is directed to close this motion (docket # 14). A conference is scheduled for May 16, 2011, at 4:30 pm.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 30, 2011

- **Appearances** -

**For Plaintiffs**:

Nicholas E. Pantelopoulos, Esq.
Jennifer Huang, Esq.
KAPLAN, MASSAMILLO & ANDREWS, LLC
70 East 55th Street, 25th Floor
New York, New York 10022
(212) 922-0450

**For Defendants:**

Sanjay Chaubey, Esq.
The Empire State Building
350 Fifth Avenue, Suite 5013
New York, New York 10118
(212) 563-3223